## Martin J. Gillenberg et al., Appellees, v. William Divers, Appellant.

VERDICTS—*when set aside as against the evidence.* A verdict will be set aside on review as against the evidence where the Appellate Court is of opinion that it is clearly and manifestly against the weight thereof.

Assumpsit. Appeal from the Circuit Court of Randolph county; the Hon. GEORGE A. CROW, Judge, presiding. Heard in this court at the March term, 1911. Reversed and remanded. Opinion filed November 11, 1911.

GORDON & DETRICH, for appellant.

H. CLAY HORNER and SPRIGG & GILSTER, for appellees.

MR. JUSTICE HIGBEE delivered the opinion of the court.

Appellant is a dealer in horses and mules and appellees are a number of farmers living on Kaskaskia Island in Randolph county, Illinois.

In January, 1908, appellees purchased a stallion of appellant, who, through Clint Ellis, his agent who sold the stallion, gave appellees the following guaranty, wherein appellees are referred to as "The Pujol Horse Co." and "Kaskaskia Coach Horse Co."

"This certifies that William Divers, of Ava, Ill., has sold the Coach Stallion, name Fritz Gladiator, No. 1535, to The Pujol Horse Co., of St. Mary, Mo., and has been registered according to the rules of the Oldenburg German Coach Horse Registry Society. I also guarantee the above named stallion to be a serviceably sound average sure foal getter where he makes the season of 1908; provided the above stallion keeps in a healthy condition, with proper care and exercise, with mares regularly returned; and if said stallion with the above treatment, fails to comply with this guarantee, said Kaskaskia Coach Horse Co. are to, in satisfaction of this guarantee, take in exchange another stallion of same breed and equal value, and return above named stallion to Wm. Divers on or before Jan. 1st., 1909, in as sound and good condition as when sold.

"Said Wm. Divers assumes no risk on account of death, disease or accident of said stallion after this 17th day of January, 1908.
                              "WM. DIVERS,
                              "Per Clint Ellis, Agent."

The horse was delivered to appellees, who kept him for service during the season of 1908. In August, 1909, appellees brought suit against appellant in *assumpsit* on the above guaranty, alleging that said stallion was not a serviceably sound, average sure foal getter, and that appellees had offered to return said

horse to appellant before January 1, 1909, in as good and sound condition as he was when sold to them, in exchange for another horse of equal value; and that appellant refused then and there to accept the same when so tendered in return and refused to give plaintiff another stallion of same breed and equal value or any other stallion whatsoever in exchange for the same. There was a plea of the general issue and a verdict and judgment in favor of appellees for $1,600.

Upon the trial the court gave on behalf of defendant, the following instruction which correctly states a principle of law applicable to the case:

"You are instructed that if you believe from the evidence that the plaintiffs did not return or tender a return of the said stallion to the defendant in accordance with the terms of the contract, as set out in the plaintiffs' declaration, on or before the 1st day of January, 1909, in as good and sound condition as said stallion was when sold by the defendant to the plaintiffs, then you should find for the defendant."

An examination of the record shows that appellees wholly failed to make proof of a return or tender of a return of the stallion by appellees to the appellant, in accordance with the terms of the contract on or before the first day of January, 1909. The only evidence on this subject, was the testimony of Bruno Schmerbach in reference to a postal card and letter which he claimed to have written appellant prior to January 1, 1909. He testified: "In the postal card I wrote him that horse did not prove satisfaction, he was to be an average sure foal getter and would like to see the man as soon as I could and I never got no answer; and then I wrote again a letter December 27 in the same year, 1908, and told him we had a meeting in Pujol and we wanted to know what he wanted to do about it, the horse did not prove what his contract read to be, and he should answer as quick as he could." Appellant denies having received either the postal card or letter referred to and there is no proof whatever in the rec-

ord that he refused before January 1, 1909, to receive the stallion back.

As a matter of fact the horse was not returned to appellant and the postal card and letter above referred to, even if received by appellant, do not show any offer on the part of appellees to return him. The proofs therefore failed to sustain that allegation of the declaration which states that appellees offered to return the horse to appellant before January 1, 1909, in exchange for another horse of equal value and same breed and that appellant refused to accept the same when so tendered in return. This was a material allegation and if appellees failed, as they did, to sustain the same by proof, then as stated in the instruction given by the court above referred to, the finding of the jury should have been for appellant. As the verdict in this case was not sustained by the proofs, the court below should have granted appellant's motion for a new trial and for the reason that this was not done, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*